10-1442-ag
Sabaratnam v. Holder
BIA
Montante, IJ
A026 859 895

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand eleven.

PRESENT:
      RALPH K. WINTER,
      JOSÉ A. CABRANES,
      DEBRA ANN LIVINGSTON,
         *Circuit Judges.*

_____

SWENTHINI SABARATNAM,
     *Petitioner,*

     v.               10-1442-ag
                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:     Visuvanathan Rudrakumaran, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Ann M. Welhaf, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Swenthini Sabaratnam, a native of Zambia and citizen of Sri Lanka, seeks review of an April 22, 2009, decision of the BIA, affirming the September 18, 2007, decision of immigration judge ("IJ"), insofar as he pretermitted her asylum application as untimely, and vacating the IJ's decision insofar as he denied her application for withholding of removal. *In re Swenthini Sabaratnam*, No. A026 859 895 (B.I.A. Apr. 22, 2009), *aff'g in part and vacating in part* No. A026 859 895 (Immig. Ct. Buffalo Sept. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Sabaratnam challenges the agency's pretermission of her asylum application as untimely filed; specifically, its finding that she failed to demonstrate extraordinary circumstances excusing the untimeliness of that application. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

Here, Sabaratnam argues that the agency erred as a matter of law by applying to her case the requirements for bringing an ineffective assistance of counsel claim announced in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). She contends that she should have been excused from complying with those requirements because her counsel admitted to the IJ that he was at fault for the untimely filing of her asylum application. Sabaratnam's argument that the agency applied an incorrect legal standard raises a question of law over which this Court has jurisdiction. *See*

3

*Gui Yin Liu v. INS*, 508 F.3d 716, 721 (2d Cir. 2007) (citation omitted).

Under both the agency's regulations and *Matter of Lozada*, an alien claiming ineffective assistance of counsel must submit:

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quoting *Esposito v. INS*, 987 F.2d 108, 110-11 (2d Cir. 1993) (per curiam) (citing *Matter of Lozada*, 19 I. & N. Dec. at 639)); *see also* 8 C.F.R. §§ 208.4(a)(5)(iii), 1208.4(a)(5)(iii). We have never demanded strict adherence to these requirements, but have recognized that substantial compliance is required "to deter meritless claims and to provide a basis for determining whether counsel's assistance was in fact ineffective." *Twum*, 411 F.3d at 59 (citation omitted); *see also Yi Long Yang v. Gonzales*, 478 F.3d 133, 143-44 (2d Cir. 2007) (citation omitted). We have found substantial compliance when the facts on which an

4

ineffective assistance of counsel claim is based "are clear on the face of the record." *Yi Long Yang*, 478 F.3d at 143.

In this case, requiring Sabaratnam's strict compliance with the *Lozada* requirements was unnecessary because her attorney admitted to the IJ the ineffective assistance, and because the IJ had an opportunity to question Sabaratnam's counsel on the record to determine the veracity of his admission, but chose not do so. *See Qun Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir. 2002) ("the IJ . . ., unlike an Article III judge, is not merely the fact finder and adjudicator but also has an obligation to establish the record") (citations omitted). Indeed, her attorney's concession alone satisfied the *Lozada* requirements because it demonstrated that they had an agreement regarding representation, established that he had notice of her allegations of ineffective assistance, and explained her failure to file a complaint regarding his ineffective assistance. *See Yi Long Yang*, 478 F.3d at 143; *see also Twum*, 411 F.3d at 59. Therefore, we conclude that Sabaratnam substantially complied with the procedural requirements of *Lozada*, and remand for the agency to decide whether she was prejudiced by the ineffective assistance of her counsel. *See Yi Long Yang*, 478 F.3d at 143-44.

We note that although there has been a significant

5

change in conditions in Sri Lanka, we cannot confidently predict that remand would be futile. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). In granting Sabaratnam's parents asylum, the BIA found that they had demonstrated a well-founded fear of harm by the Liberation Tigers of Tamil Eelam ("LTTE"), a group that the Sri Lankan government was unable to control, and noted that the Sri Lankan government often detained young Tamils based on an incorrect assumption that they were LTTE members. Although in May 2009, the Sri Lankan army defeated the LTTE militarily, ending the civil war in Sri Lanka and capturing all remaining LTTE-controlled territory, the U.S. Department of State 2010 Country Report on Human Rights Practices in Sri Lanka indicates that repercussions of the war continue to impact human rights in Sri Lanka, particularly for Tamils such as Sabaratnam. U.S. Dep't of State, Sri Lanka, Country Reports on Human Rights Practices 2010 (2011), *available at* http://www.state.gov/g/drl/rls/hrrpt/2010/sca/154486.htm; *see also Hoxhallari v. Gonzales*, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (providing that the Court "may always exercise independent discretion to take judicial notice of any further changes in a country's politics that occurred between the time of the BIA's determination decision and [the Court's] review"). Furthermore, on remand, the agency

may decide that Sabaratnam is entitled to *nunc pro tunc* relief. *See Xue Yong Zhang v. Holder*, 617 F.3d 650, 665 & n.13 (2d Cir. 2010) (recognizing that "an award of *nunc pro tunc* may, *in an appropriate circumstance*, be granted as a means of rectifying error in immigration proceedings" and that "[w]hen a matter is adjudicated *nunc pro tunc*, it is as if it were done as of the time that it should have been done.") (internal quotation marks and citations omitted).

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk